# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DANIEL CHARLES HARRIS**                              **PLAINTIFF**

**v.**                                                            **CIVIL NO. 1:18-cv-349-HSO-JCG**

**CASEY FAVRE, et al.**                                        **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

## I. BACKGROUND

Pro se Plaintiff Daniel Charles Harris initiated this 42 U.S.C. § 1983 action on November 2, 2018, while he was incarcerated in the Pearl River County Jail, in Poplarville, Pearl River County, Mississippi. *See* Order [4]. According to Harris, he was released from incarceration on January 16, 2019. *See* Notice [8] at 1.

On February 5, 2019, the Magistrate Judge entered an Order [9] advising Harris of certain provisions of the Prison Litigation Reform Act, Title 28, United States Code, Section 1915 and Section 1932, and Section 47-5-138 of the Mississippi Code of 1972, for Harris's consideration in determining whether to proceed with this case.[1] The Order [9] required Harris to file an Acknowledgment of Receipt or a

---

[1] Harris's release from incarceration during the pendency of this case does not alleviate the filing requirements of 28 U.S.C. § 1915 or the Court's ability to dismiss under § 1915. *See Hoffman v. Stugla,* 464 F. App'x 229, 231 (5th Cir. 2011) (affirming dismissal of former prisoner's § 1983 complaint under § 1915(e)(2)); *Gay v. Tex. Dep't of Corr.*, 117 F.3d 240, 241–42 (5th Cir. 1997) (holding released prisoner required to comply with filing requirements of § 1915(a)(2)).

Notice of Voluntary Dismissal within 30 days. On the same date, the Magistrate Judge entered an Order [10] directing Harris to file a completed *in forma pauperis* application or pay the required filing fee within 30 days.[2] Both Orders [9] [10] warned Harris that his failure to timely comply with the requirements of the Orders, or his failure to advise the Court of a change of address, would result in the dismissal of his Complaint. Order [9] at 2; Order [10] at 2. Harris did not file the required documentation or otherwise respond to either Order.

Since Harris is proceeding pro se, he was provided a final opportunity to comply with the Court's Orders prior to the dismissal of this case. On March 21, 2019, the Court entered an Order to Show Cause [11] which required that, on or before April 4, 2019, Harris: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders [9] [10]; and (2) comply with the Court's previous Orders [9] [10] by filing the required documentation. Order [11] at 1–2. Harris was again warned that "if he fails to fully comply with this Order in a timely manner or if he fails to keep this Court informed of his current address, this case will be dismissed without further written notice." *Id*. at 2. Harris did not respond to the Order to Show Cause [11] or otherwise contact the Court about his case, and Harris has taken no action in the case since January 22, 2019.

---

[2] To complete his *in forma pauperis* application, the Order [10] directed Harris to "file a certified copy of his inmate trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of this Complaint obtained from the appropriate official of each prison or jail at which Plaintiff was confined." Order [10] at 2.

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 630–31.

Harris did not comply with three Court Orders after being warned that failing to do so would result in the dismissal of his lawsuit. Specifically, Harris was warned in a total of five Orders and a Notice of Assignment that his failure to comply with a Court Order or his failure to keep the Court informed of his current address may lead to the dismissal of this case. *See* Order [4] at 2; Order [6] at 2; Order [9] at 2; Order [10] at 2; Order [11] at 2; Not. of Assign. [1-2] at 1. Despite these warnings, Harris has not contacted the Court since January 22, 2019. Such inaction represents a clear record of delay or contumacious conduct. It is apparent that Harris no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744

3

(5th Cir. 2005). Dismissal without prejudice is warranted.

### III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 22nd day of April, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE